IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER,<br>11 Dupont Circle NW, Suite 400<br>Washington, DC 20036<br><br>and<br><br>PHILIP MYRUN,<br>2 Starkel Road, Apt. 3<br>West Hartford, CT 06117<br><br>and<br><br>BONNIE MILSTEIN,<br>153 Ripley St.<br>San Francisco, CA 94110<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TRENTUNO LIMITED PARTNERSHIP<br>d/b/a THE CARLYLE SUITES HOTEL,<br>1731 New Hampshire Ave., NW<br>Washington, DC 20009<br><br>　　Serve: Paul J. O'Reilly<br>　　　　　1742 N St., NW<br>　　　　　Washington, DC 20036<br><br>　　　　　Defendant. | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Equal Rights Center ("ERC"), Philip Myrun ("Mr. Myrun"), and Bonnie Milstein ("Ms. Milstein") (collectively "Plaintiffs"), by their attorneys, Clifford Chance US LLP and the Washington Lawyers' Committee Civil Rights & Urban Affairs, for their complaint, allege as follows:

## SUMMARY OF THE ACTION

1. This is an action under the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 ("ADA"), the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01--1404.04 ("DCHRA"), the District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901--3911 ("DCCPPA"), and the common law, for declaratory, injunctive, and monetary relief, brought by Plaintiffs against Defendant Trentuno Limited Partnership d/b/a the Carlyle Suites Hotel ("Defendant Hotel").

2. In this action, Plaintiffs allege that: (1) Defendant Hotel unlawfully discriminated against Mr. Myrun and the ERC on the basis of disability by failing to meet accessibility requirements for a public accommodation; (2) Defendant Hotel unlawfully denied Mr. Myrun and the ERC the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Defendant Hotel on the basis of disability; (3) Defendant Hotel unlawfully misrepresented to Ms. Milstein that its goods and services had characteristics, uses, benefits, and quantities that it did not have; (4) Defendant Hotel unlawfully misrepresented to Ms. Milstein that its goods and services were of a particular standard, quality, grade, style, and model, when in fact they were of another; (5) Defendant Hotel unlawfully made misrepresentations as to material facts which have a tendency to mislead consumers and which did, in fact, mislead Ms. Milstein; and (6) Defendant Hotel's misrepresentations were made knowingly and with the intent to deceive Ms. Milstein, and Ms. Milstein justifiably relied upon such representations.

3. As a direct and proximate result of Defendant Hotel's unlawful actions, Mr. Myrun suffered humiliation, embarrassment, indignity, malaise, frustration, anger depression, and outrage.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

5. Venue properly lies in this court pursuant to 28 U.S.C. § 1391.

## PARTIES

6. The ERC is a non-profit civil rights organization organized under the laws of the District of Columbia with its principal place of business at 11 Dupont Circle, N.W., Suite 400, Washington D.C. 20036. The ERC's organizational purpose is to identify, challenge, and eliminate discrimination in housing, employment, and public accommodations through education, research, testing, counseling, enforcement, and advocacy. The ERC's goals include eliminating discrimination on the basis of disability, assisting individuals with disabilities in addressing issues related to their disabilities, and educating the public regarding the rights of individuals with disabilities. The ERC represents the interests of persons with disabilities throughout the greater Washington, D.C. area.

7. Mr. Myrun has cerebral palsy and uses a wheelchair for mobility. Mr. Myrun was a guest of Defendant Hotel from November 17 to November 20, 2004. Mr. Myrun's address is 2 Starkel Road, Apartment 3, West Hartford, CT 06117.

8. Ms. Milstein is the sister of Mr. Myrun. Ms. Milstein arranged for Mr. Myrun and his personal care assistant to stay at Defendant Hotel from November 17 to

November 20, 2004, reserved and paid for their rooms, and, along with Mr. Myrun's personal care assistant, witnessed and experienced Defendant Hotel's unlawful actions. Ms. Milstein's address is 153 Ripley St., San Francisco, CA 94110.

9. Defendant Hotel is a District of Columbia limited partnership and does business as the Carlyle Suites Hotel in the District of Columbia. Defendant Hotel includes guest rooms, conference rooms and two restaurants. Defendant Hotel's address is 1731 New Hampshire Ave. NW, Washington, DC 20009.

## FACTUAL ALLEGATIONS

10. Mr. Myrun, accompanied by his personal care assistant, was a guest of Defendant Hotel from November 17 to November 20, 2004.

11. Prior to Mr. Myrun's stay and on multiple occasions, Amable Brito ("Mr. Brito"), a representative of Defendant Hotel, assured Ms. Milstein that Defendant Hotel was "fully accessible."

12. On or about November 2, 2004, Ms. Milstein called Defendant Hotel at the telephone number posted on Defendant Hotel's website to inquire about a room for November 17 to November 20, 2004.

13. Ms. Milstein spoke with Mr. Brito, who told Ms. Milstein that Defendant Hotel had accessible rooms.

14. On the basis of Mr. Brito's knowingly false respresentation, Ms. Milstein reserved a room for Mr. Myrun.

15. On or about November 4, 2004, Ms. Milstein called Defendant Hotel to inquire about accessibility to Mr. Myrun's room.

16.     Ms. Milstein spoke with Mr. Brito for the second time, and Mr. Brito told Ms. Milstein that Mr. Myrun would have no difficulty going to and from his room.

17.     On the basis of Mr. Brito's knowingly false representation, Ms. Milstein kept the reservation she made for Mr. Myrun on or about November 2, 2004.

18.     On or about November 11, 2004, Ms. Milstein called Defendant Hotel to reserve a room for Mr. Myrun's personal care assistant.

19.     Ms. Milstein spoke with Mr. Brito for the third time, and Mr. Brito confirmed that Defendant Hotel was "fully accessible."

20.     However, the only access from Defendant Hotel's lobby to the guest rooms, the conference rooms, and the two restaurants was and remains a staircase on either side of the lobby.

21.     Notwithstanding the lack of any accessible route to the guest rooms, the conference rooms, or the two restaurants, Defendant Hotel's website, located at http://www.carlylesuites.com/rooms.html, stated in November 2004 and continued to state up until at least August 11, 2005 that it has "Accessible accommodations available."

22.     Because there was not an accessible route from Defendant Hotel's lobby to the guest rooms, Mr. Myrun had to be carried up and down these stairs by various members of Defendant Hotel's staff each time he entered and exited Defendant Hotel.

23.     With his wheelchair, Mr. Myrun weighs over 220 pounds.

24.     This conduct occurred at least eight times.

25.     This conduct was offensive, outrageous and with gross and reckless disregard for Mr. Myrun's safety and dignity.

26. Each time Mr. Myrun was carried up and down these stairs, he feared for his safety and felt embarrassed and humiliated.

27. Upon being confronted by Ms. Milstein, a representative of Defendant Hotel assured Ms. Milstein that carrying persons who use wheelchairs had always been Defendant Hotel's practice.

28. After receiving this complaint of accessibility barriers at Defendant Hotel, the ERC conducted a survey of accessibility issues at Defendant Hotel. An ERC staff person experienced in surveying for accessibility visited the hotel, and confirmed barriers to accessibility in the entry of the hotel and other violations of the ADA Standards for Accessible Design in the common areas of Defendant Hotel.

29. Defendant Hotel's continuing discrimination against disabled individuals has harmed and will continue to harm the ERC by, among other things:

(a) frustrating the ERC's mission of promoting equal opportunities for persons with disabilities with respect to the use of public accommodations;

(b) forcing the ERC to incur costs necessary to investigate complaints regarding Defendant Hotel's violations of the ADA and DCHRA; and

(c) forcing the ERC to divert resources from other issues vital to its purpose, such as promoting accessible housing, transportation and public services, in order to combat Defendant Hotel's violations of the ADA and DCHRA.

30. Defendant Hotel's policies, practices and procedures prevent Mr. Myrun, Ms. Milstein and persons with disabilities from enjoying in a meaningful, independent manner the goods and services offered by Defendant Hotel. Unless the Court enjoins Defendant Hotel from such discrimination, Mr. Myrun, Ms. Milstein and persons with

disabilities will continue to be excluded from enjoying on an equal basis the goods and services offered by Defendant Hotel.

## CAUSES OF ACTION

### COUNT 1

**(Violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189)**

31. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 30 as if fully set forth herein.

32. Plaintiff Philip Myrun is disabled within the meaning of the ADA because he has a physical impairment that substantially limits one or more major life activities.

33. Defendant Hotel is a public accomodation within the meaning of the ADA because it is a private entity whose operations affect commerce and is a place of lodging. Title III of the ADA applies to Defendant Hotel because it owns, leases, or operates a place of public accommodation.

34. Pursuant to 42 U.S.C. §§ 12181-12189, Defendant Hotel has a statutory responsibility to provide public accommodations that are fully and equally accessible to individuals with disabilities, and to remove barriers where they exist.

35. As described above, Defendant Hotel has not removed these barriers, in violation of 42 U.S.C. §§ 12181-12189.

36. Instead, Defendant Hotel, in continuation of its long-standing discriminatory practices, presents a substantial risk to the health and safety of individual guests with disabilities by carrying them up and down stairs.

37. As a direct and proximate result of Defendant Hotel's violation of 42 U.S.C. §§ 12181-12189, an actual controversy exists between Plaintiffs and Defendant Hotel, which cannot be resolved absent judicial intervention.

38. Plaintiffs have no adequate remedy at law.

39. The ERC brings this action on behalf of itself and to represent its interests in protecting rights of persons with disabilities in and around Washington, D.C.

40. Many of these individuals use the services of the hotels and restaurants in and around Washington, D.C., including Defendant Hotel.

41. These individuals continue to and will in the future suffer damage by virtue of Defendant Hotel's violation of the ADA.

42. The interests the ERC seeks to protect are germane to the organization's purpose.

## COUNT II

### (Violation of the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01--1404.04)

43. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 42 as if fully set forth herein.

44. Pursuant to D.C. Code §§ 2-1401.01--1404.04, Defendant Hotel has a statutory responsibility to not "deny, directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations" of Defendant Hotel based on that person's disability.

45. Pursuant to D.C. Code §§ 2-1401.01--1404.04, Defendant Hotel must not engage in any practice that has the effect or consequence of violating any part of the DCHRA.

46. D.C. Code §§ 2-1401.01--1404.04 provides a private cause of action in any court of competent jurisdiction to any person who has been aggrieved by a discriminatory practice under the DCHRA.

47. Defendant Hotel engaged in discriminatory practices in violation of D.C. Code §§ 2-1401.01--1404.04 by failing to provide adequately accessible accommodations and by carrying Mr. Myrun, as described above.

48. As a direct and proximate result of Defendant Hotel's violation of D.C. Code §§ 2-140101--1404.04, Plaintiffs have been injured in an amount to be determined at trial.

## COUNT III

### (Violation of the District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901--3911)

49. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 48 as if fully set forth herein.

50. Pursuant to D.C. Code §§ 28-3901--3911, Defendant has a statutory responsibility to not "represent that goods or services have a source, sponsorship, approval, certification, characteristics, ingredients, uses, benefits, or quantities that they do not have;" to not "represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another;" and to not "misrepresent as to a material fact which has a tendency to mislead."

51. Defendant Hotel violated this responsibility by representing to Ms. Milstein on multiple occasions that it had the characteristic and benefit of being wheelchair-accessible, and that it was of the standard, quality and model of having wheelchair accessibility.

52. Defendant Hotel's misrepresentations as to the fact of wheelchair accessibility was material and mislead Ms. Milstein.

53. Defendant Hotel's knowing and material misrepresentations were violations of D.C. Code §§ 28-3901--3911.

54. Ms. Milstein justifiably relied upon these misrepresentations in reserving and paying for two rooms at Defendant Hotel for November 17 to November 20, 2004, as described above.

55. As a direct and proximate result of Defendant Hotel's violations of D.C. Code §§ 28-3901--3911, Plaintiffs have been injured in an amount to be determined at trial.

## COUNT IV

### (Common Law Fraud)

56. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 55 as if fully set forth herein.

57. As described above, Mr. Brito, a representative of Defendant Hotel, falsely represented to Ms. Milstein on at least three occasions that Defendant Hotel was accessible to persons who use wheelchairs. Defendant Hotel continued to falsely represent on its website that it was accessible to persons with disabilities up until at least August 11, 2005.

58. This misrepresented fact is material to all guests who have disabilities, guests who are accompanied by persons with disabilities, and persons who reserve and pay for rooms for persons with disabilities.

59. Defendant Hotel made its false representations to Ms. Milstein with knowledge that the Hotel was not wheelchair-accessible and with the intent to deceive Ms. Milstein.

60. Ms. Milstein justifiably relied upon these misrepresentations in reserving and paying for two rooms at Defendant Hotel for November 17 to November 20, 2004, as described above.

61. As a direct and proximate result of Defendant Hotel's fraudulent conduct, Plaintiffs have been injured in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs demand judgment be entered against Defendant Hotel for the following:

A. A declaration that Defendant Hotel has violated the provisions of 42 U.S.C. §§ 12181-12189, D.C. Code §§ 2-1401.01--1404.04, D.C. Code §§ 28-3901--3911, and the common law;

B. An award of compensatory damages;

C. An award of exemplary and punitive damages;

D. An award of reasonable attorneys' fees and costs;

E. Injunctive relief requiring Defendant Hotel to comply with all applicable sections of the ADA, DCHRA, and DCCPPA; and

F. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all counts set forth herein.

Dated: Washington, DC
November 16, 2005

>                                   CLIFFORD CHANCE US LLP
>
>                                   By: _____
>                                   David D. DiBari (DC Bar ID # 426152)
>                                   Tara S. Swidler (DC Bar ID # 492138)
>                                   2001 K Street, NW
>                                   Washington, DC 20006-1001
>                                   Tel: (202) 912-5000
>                                   Fax: (202) 912-6000
>
>                                   Elaine Gardner (DC Bar ID # 271262)
>                                   Washington Lawyers' Committee for
>                                   Civil Rights & Urban Affairs
>                                   11 Dupont Circle, N.W., Suite 400
>                                   Washington, D.C. 20036
>                                   Tel: (202) 319-1000
>                                   Fax: (202) 319-1010
>
>                                   *Attorneys for Plaintiffs*